**JS-6, O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SHANE WATERS,

                Plaintiff,

    v.

NOTORIOUS MEDIA LLC, et al.,

                Defendants.

Case No.: 2:21-cv-08623-MEMF(ASx)

**AMENDED JUDGMENT**

## **AMENDED JUDGMENT**

    This Judgment order supersedes the Judgment contained in the prior Order Granting Default Judgment and Judgment entered by this Court on August 17, 2022 (ECF No. 54) ("August 17 Order") and reflects the original intention of the Court.

    On November 1, 2021, Plaintiff Shane Waters filed his Complaint (ECF No. 1) against Defendants Notorious Media LLC, Notorious Holdings LLC, and Peter Vincer. The Complaint alleges three causes of action: (1) breach of contract; (2) trademark infringement under the Lanham Act (15 U.S.C. § 1114); and (3) trademark infringement under the Lanham Act (15 U.S.C. § 1125). *See generally* Complaint, ECF No. 1.

    On April 25, 2022, Plaintiff Shane Waters ("Waters"), pursuant to Federal Rule of Civil Procedure 55(b)(2), moved for entry of default judgment as to Notorious Media LLC, Notorious Holdings LLC, and Peter Vincer ("Motion" or "Mot."). The Court granted the Motion on August 17,

2022. ECF No. 54. Upon Waters's Motion to Amend, and/or Correct the Order and Judgment Granting Default Judgment (ECF No. 56) the Court amended its original order.

In granting the Motion, the Court has found Notorious Media LLC liable on the Waters's first cause of action for breach of contract and has found Peter Vincer jointly and severally liable with Notorious Media LLC on the basis of an alter ego relationship between the two defendants. Accordingly, on the first cause of action for breach of contract, the Court **ENTERS JUDGMENT** in the amount of **$446,864.04** (the "Judgment Amount") in favor of Waters and against Notorious Media LLC and Peter Vincer, jointly and severally. The Judgment Amount is comprised of:

1. Compensatory damages stemming from breach of contract in the amount of $376,178.42;
2. Pre-judgment interest totaling $69,361.12, which is based upon applying to the compensatory damages amount above the California law rate of 10% per annum (CAL. CIV. CODE § 3289(b)), running from July 8, 2021, through the entry of Judgement on May 11, 2023; and
3. Costs in the amount of $1,324.50.

Waters shall also recover post-judgment interest on the Judgment Amount, from the date hereof, against Notorious Media LLC and Peter Vincer, jointly and severally, at the rate of 4.72 per annum,[1] which is the "rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of th[is] judgment." 28 U.S.C. § 1961(a).

Further, in granting Waters's Motion, the Court has found Notorious Media LLC, Notorious Holdings LLC, and Peter Vincer liable on Waters's second cause of action for trademark

---

[1] *See* "Current Applicable Rates," Administrative Office of the U.S. Courts, https://www.uscourts.gov/services-forms/fees/post-judgment-interest-rate (last visited Oct. 28, 2022) ("Under each of the above statutes [including 28 U.S.C. § 1961] the rate of interest used in calculating the amount of post judgment interest is the weekly average 1-year constant maturity (nominal) Treasury yield, as published by the Federal Reserve System. . . . . Additionally, as of October 11, 2016, the Board no longer publishes the H.15 [the Federal Reserve Board Selected Interest Rates statistical release] in PDF format or publish weekly and monthly averages directly on the H.15. Weekly and monthly averages continue to be available through the Board's Data Download Program."); "Data Download Program," Board of Governors of the Federal Reserve System, https://www.federalreserve.gov/datadownload/Choose.aspx?rel=H.15 (last visited May 11, 2023) (applicable data pulled for the week of May 5, 2023).

infringement under the Lanham Act (15 U.S.C. § 1114) and third cause of action for trademark infringement under the Lanham Act (15 U.S.C. § 1125). Accordingly, the Court **ENTERS JUDGMENT** in favor of Waters and against Notorious Media LLC, Notorious Holdings LLC, and Peter Vincer on both Lanham Act claims. As no additional damages were sought, nor are any awarded, the Court **GRANTS** Waters's requested injunctive relief as set forth below.

(1) Consistent with the Court's August 17 Order, the Notorious Defendants **ARE ORDERED** to have removed, by August 24, 2022, the logos for Waters's podcasts "Foul Play" and "Hometown History" from the https://notorious.llc website;[2]

(2) The Notorious Defendants, and their officers, agents, servants, employees and attorneys, and all persons in active concert or participation with any one or more of them **ARE PERMANENTLY RESTRAINED AND ENJOINED** from advertising Waters's podcasts or from otherwise suggesting any continued connection, affiliation, and/or association with Waters and/or Waters's podcasts.

**IT IS SO ORDERED.**

Dated: May 11, 2023

_____
MAAME EWUSI-MENSAH FRIMPONG
United States District Judge

---

[2] This Order (with the August 24, 2022 deadline) was made in the original Order and Judgment. The Court is not, by issuing this Amended Judgment, granting Notorious Media LLC, Notorious Holdings LLC, and Peter Vincer additional time to comply.